# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MARSHALL TAYLOR, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:12-cv-00936 |
| v. | ) | |
| JOSEPH LaMONICA, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

October 24, 2012

Presently pending before the Court for disposition is the MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6) TO BE TREATED AS A RULE 56 MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 12(D), with brief in support, filed by Defendant (*Document Nos. 11 and 12*) and the BRIEF IN IN OPPOSITION filed by Plaintiff (*Document No. 15*).

After careful consideration of the motion, the filings in support and opposition thereto, the memoranda of the parties, the relevant case law, and the record as a whole, Defendant's motion will be denied.

**Factual Background**

As the law requires, at this stage of the proceeding all disputed facts and inferences are to be resolved in favor of Plaintiff, the non-moving party. The following background is drawn from the First Amended Complaint and the factual allegations therein are accepted as true for the purpose of this opinion. On June 27, 2012, Defendant Joseph LaMonica, a Ross Township police officer, arrested Plaintiff, Marshall Taylor, and Vance Powers ("Powers"), who is not a

party to this litigation, for violation of Ross Township Ordinance § 13-101,[1] for the failure to obtain a solicitation license from Ross Township before they engaged in solicitation for the sale of goods. Defendant transported Plaintiff and Powers to the office of Magistrate Richard Opiela, before whom they pled guilty and were summarily convicted. The Magistrate sentenced each with a $375 fine.

However, after Plaintiff and Powers were sentenced, Defendant then allegedly forced them to remain in the Magistrate's office telling them that they had to stay there until the fines were paid and that "if Plaintiff was not able to pay the fine soon, that he would take Plaintiff to the Allegheny County jail to lock him up until the fine was paid." Amended Complaint, at ¶ 35. Because neither Plaintiff nor Powers had the funds necessary to pay the fines on their person, Defendant "forced Plaintiff and Powers to wait for hours" until a third party arrived to pay the fines and costs on their behalf.

Plaintiff does not dispute that Defendant had the requisite probable cause to make the initial arrest and detention of Plaintiff. Rather, Plaintiff argues that <u>after</u> his summary conviction Defendant's continued detention of Plaintiff was without probable cause and was unreasonable under the circumstances. Defendant responds that he cannot be held liable for any detention or imprisonment of Plaintiff because "Plaintiff remained at Judge Opiela's Office at the direction and at the instruction of Judge Opiela, and not at the direction or the instruction of Defendant LaMonica." Br. at 6. It is Plaintiff's position that the "[t]he Magistrate did not order that Plaintiff be detained until he paid the fine." Amended Complaint, at ¶ 32.

---

[1] Section 13-101 states that "[i]t shall be unlawful for any peddler, canvasser or solicitor . . . to engage in any such business within the Township of Ross without first obtaining a license . . . ." Section § 13-116, entitled Penalties, provides that any person "upon conviction thereof, shall be sentenced to pay a fine of not more than $1,000 plus costs and, **in default of payment** of said fine and costs, to a term of imprisonment no (sic) to exceed 30 days. . . ." (emphasis added).

2

## Standard of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint filed by Plaintiff. The United States Supreme Court has held that "[a] plaintiff's obligation is to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (alterations in original)).

The Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the United States Supreme Court made clear in *Twombly*, the "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (emphasis added).

Thus, after *Iqbal*, a district court must conduct a two-part analysis when presented with a motion to dismiss for failure to state a claim. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court must separate the factual and legal elements of the claim. *Id*. Although the Court "must accept all of the complaint's well-pleaded facts as true, (it) may disregard any legal conclusions." *Id*. at 210-11. Second, the Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id*. at 211 (*citing Iqbal* 556 U.S. at 677). The determination for "plausibility" will be "'a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (*quoting Iqbal*, 556 U.S. at 679).

As a result, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than a possibility of relief to survive a motion to dismiss." *Fowler*, 578 F.3d at 211. That is, "all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. at 210 (*quoting Iqbal*, 566 U.S. at 1948).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and the requirements of Fed. R. Civ. P. 8 must still be met. *See Philips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). Fed. R. Civ. P. 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Additionally, the Supreme Court did not abolish the Fed. R. Civ. P. 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Philips*, 515 F.3d at 231 (*citing Twombly*, 550 U.S. at 553).

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.,* 200 F.3d 73, 88 (3d Cir. 1999). However, "[a] limited exception exists for documents that are 'integral to or explicitly relied upon in the complaint.'" *West Penn Allegheny*

4

*Health System, Inc., v. UPMC*, 627 F.3d 85, 97 n.6 (3rd Cir. 2010) (*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1419, 1426 (3d Cir. 1997). Under this standard, the Ross Township Ordinance, § 13-101, and the Docket Sheet, which Defendant attached to his Declaration, are both public documents and both are integral to Plaintiff's claims, and may be considered by the Court without converting the motion to dismiss into a motion for summary judgment. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

However, the Court cannot consider the self-serving Declaration of Joseph LaMonica. Defendant requests that the Court convert his motion to dismiss into a motion for summary judgment so that the Court may consider the Declaration. When a court decides to convert a motion to dismiss into a motion for summary judgment, it must provide the parties "reasonable opportunity to present all material that is pertinent to the motion." Fed.R.Civ.P. 12(d). At this time, no discovery has taken place, and Plaintiff has not had the opportunity to refute Defendant's Declaration. Consequently, the Court declines to convert Defendant's Motion to Dismiss to a motion for summary judgment. Defendant may, of course, file a motion for summary judgment after all parties have had the opportunity to conduct discovery.

## Discussion

Accepting all of Plaintiff's allegations as true and drawing all reasonable inferences therefrom, the Court finds that it is not possible at this early stage of the litigation to conclude that Plaintiff cannot prove a set of facts that would entitle him to relief. The Court cannot resolve as a matter of law the legality of Plaintiff's continued detention without first resolving many fact intensive questions. Such questions include whether the Magistrate Judge did in fact order that Plaintiff be detained until he paid the fine or whether Defendant, on his own, detained

Plaintiff. It may well be that discovery will reveal that Defendant's conduct is not actionable. Therefore, the Court will anticipate revisiting this issue on summary judgment, after discovery has concluded, and the parties have been given the opportunity to bring forth additional information.

Defendant also argues that he is entitled to a qualified immunity defense. However, "[a]t the 12(b)(6) stage, qualified immunity will be found 'only when the immunity is established on the face of the complaint." *Cunningham v. N. Versailles Twp.,* No. 09-1314, 2010 U.S. Dist. LEXIS 7005, at *36 (W.D. Pa. Jan. 27, 2010) (*citing Thomas v. Independence Twp*., 463 F.3d 285, 291 (3d Cir. 2006)). In other words, if on the face of the complaint, Plaintiff "fails to state a claim of a violation of a clearly established law, 'a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.'" *Cunningham,* 2010 U.S. Dist. LEXIS 7005, at *36 (*quoting Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

In this case, the Court finds that Plaintiff has sufficiently stated a claim of a clearly established constitutional right against Defendant pursuant to § 1983. Thus, Defendant does not satisfy the requirements for a qualified immunity defense at this early stage of the litigation.

**Conclusion**

For the hereinabove reasons, the Motion to Dismiss will be denied. An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARSHALL TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | 2:12-cv-00936 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH LaMONICA, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COURT**

**AND NOW,** this 24th day of October, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendant is **DENIED**.

It is further **ORDERED** that, pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendant shall file an answer to Plaintiff's First Amended Complaint on or before **November 7, 2012**.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc: Charles E. Steele, Esquire
Steele Schneider
Email: attorneycharliesteele@gmail.com

Tara E. Hansen, Esquire
Steele Schneider
Email: tarasteelelawoffice@gmail.com

Christian D. Marquis, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Email: cdmarquis@mdwcg.com

Scott G. Dunlop, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
Email: sgdunlop@mdwcg.com